Upon review of the competent evidence of record with respect to the errors assigned, the Full Commission, upon reconsideration of the evidence, reverses the Opinion and Award of the Deputy Commissioner.
 ***********
The undersigned finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between the plaintiff-employee and defendant-employer at all relevant times herein.
3. The defendant is a duly qualified self-insured.
4. Per the Industrial Commission Form 19, the plaintiff's average weekly wage was $668.50, yielding a compensation rate of $445.89.
5. At the hearing, the parties stipulated that the plaintiff sustained an admittedly compensable injury by accident to his neck and back on June 29, 1993, which arose out of and in the course of the plaintiff's employment with defendant.
6. The parties stipulated that the date of the admittedly compensable injury was June 29, 1993.
7. The parties stipulated to Industrial Commission Form 28B, and the plaintiff's Response to Defendant's Interrogatories.
8. The parties stipulated to the plaintiff's medical records from Drs. Norman Meyer, Wilfred Fernandez, Henry Elsner and John Rendall. Furthermore, the parties stipulated to the plaintiff's medical records from SMH Homestead Hospital, Moses H. Cone Memorial Hospital and from Guilford Neurosurgical Associates, P.A.
 ***********
Based upon all the evidence adduced from the record, the Full Commission rejects the findings of fact found by the Deputy Commissioner, and enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 48 years old with training in industrial electronics.
2. Plaintiff was employed by defendant as a service technician, and had worked for defendant for approximately 22 years. Plaintiff's job duties included residential repair and installation.
3. On 29 June 1993, plaintiff was rear-ended by another vehicle while working for defendant in Homestead, Florida. As a result of the collision, plaintiff sustained back, neck, shoulder and left arm pain when his head crashed through the rear plate window of his pickup truck.
4. Plaintiff was taken to Homestead Hospital and later released and taken to his hotel room. He returned home to North Carolina on 30 June 1993 and spent one week in bed.
5. On 7 July 1993, plaintiff presented to Moses H. Cone Memorial Hospital in Greensboro, North Carolina with back pain. Plaintiff was given pain killers and muscle relaxers and referred to Dr. John Rendall, an orthopedist. Plaintiff presented to Dr. Rendall on 8 July 1993 who diagnosed plaintiff with lumbar strain and prescribed pain medication.
6. Defendant paid plaintiff his full salary while plaintiff was out of work between 30 June 1993 and 11 July 1993. Plaintiff returned to work on 12 July 1993.
7. During the next seven months, plaintiff experienced occasional recurring numbness in his fingers, hands and feet.
8. On 11 February 1994, plaintiff was in a non-work related automobile accident. He presented to Moses H. Cone Hospital, and was given a cervical spine exam which revealed that his spinal alignment was normal and there was no evidence of fracture, dislocation, or premature degenerative changes. Plaintiff missed no work as a result of this accident.
9. In summer 1994 while riding on a tractor at his father's farm, plaintiff experienced numbness throughout his left side. He believed he was having a stroke and presented to a local free clinic. It was determined that he was not having a stroke, but it was recommended that he see his physician because his blood pressure was high. On 18 August 1994 Dr. Preston Clark ordered an MRI of plaintiff's spine. The MRI revealed the presence of significant spondylosis with a ridge and chronic disk herniation at cervical 6-7 and at cervical 7-thoracic 1. Plaintiff was referred to neurologist, Dr. Henry Elsner.
10. Dr. Elsner recommended a myelogram which confirmed the presence of the two significant compressions of the spinal cord at C-6 and C7-T1. Dr. Elsner recommended and performed an anterior diskectomy and fusion on 27 September 1994.
11. Dr. Elsner kept plaintiff out of work until 30 November 1994 and then returned plaintiff to light duty work for one month with a restriction of lifting no more than 25 pounds.
12. Plaintiff was released from Dr. Elsner's care on 30 January 1995. Dr. Elsner assigned plaintiff a permanent lifting restriction of no more than 60 pounds, but did not assign plaintiff a permanent partial impairment rating.
13. Dr. Elsner opined that plaintiff's disk herniation became significantly symptomatic sometime in July 1994, meaning that it either got bigger or occurred at that time. He stated that whether plaintiff had the herniation at the time of his accident in July 1993 was only speculation, and he could not make that inference.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an admittedly compensable injury arising out of and in the course of his employment and as a direct result of a specific traumatic incident of the work assigned on 29 June 1993. G.S. 97-2(6).
2. There is no competent medical evidence that the condition for which plaintiff underwent surgery in September 1994 was related to his compensable accident on 29 June 1993 or constituted an aggravation of a condition which occurred as a result of his compensable accident.
3. As a result of the admittedly compensable injury, plaintiff is entitled to temporary total disability at a compensation rate of $445.89 per week for the period beginning 30 June 1993 and ending 11 July 1993; however, defendant is entitled to receive a credit for salary continuation paid to plaintiff from 30 June 1993 through 11 July 1993. G.S. 97-29.
4. Plaintiff is entitled to have defendant pay for medical expenses incurred as a result of plaintiff's compensable injury. G.S. 97-2(19), 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at a rate of $445.89 per week for the period beginning 30 June 1993 and ending 11 July 1993; however, because defendant paid plaintiff's salary throughout this period, no further compensation is due.
2. Plaintiff's claim for further compensation based upon his surgery and loss of employment in 1994 is denied.
3. Defendant shall pay medical expenses incurred as a result of the plaintiff's compensable injury by accident.
4. The parties shall share the costs, and defendants shall pay an expert witness fee of $195.00 to Dr. Henry Elsner.
 S/ ____________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ _____________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________ THOMAS J. BOLCH COMMISSIONER
RCR:jbd